BROWN (MOORE v.). See Case No. 9,753.

BROWN (MOWATT v.). See Case No. 9,-889a.

## Case No. 2,022.

### BROWN et al. v. The NEPTUNE.

[Gilp. 89.][1]

District Court, E. D. Pennsylvania. .May 2, 1829.

SEAMEN—WRONGFUL ABSENCE—WAGES—NEGLIGENCE.

1. Where a vessel is detained in port by the wrongful absence of a seaman, a deduction from his wages is allowed, to the amount of loss actually sustained.

[Cited in The T. F. Whiton, Case No. 13,-849.]

[See The Harvest. Case No. 6,175; Brink v. Lyons, 18 Fed. 605.]

2. A seaman is chargeable for the value of articles lost by his inattention and carelessness; and the amount may be deducted from his wages.

[In admiralty. Libel by William Brown and James Bowles against the brig Neptune (Robert Madagan, master) for wages. Decree for libellants.]

Grinnell, for libellants.
Stroud, for respondent.

HOPKINSON, District Judge, delivered the following opinion: The difficulty in this case is to obtain a full and correct knowledge of the facts brought in issue between the parties. It is argued by the libellants' coun-

[1] [Reported by Henry D. Gilpin, Esq.]

sel, that if the owners of the brig have suffered any loss or damage by their negligence or misconduct, it is a fair ground of deduction, pro tanto, from their wages.

The respondent alleged, by way of set off, or deduction from Brown's claim, that the vessel was detained for four days, at New Orleans, waiting for this man, who was on shore without leave. It is proved he was ashore from the afternoon of Friday until about two o'clock on the following Monday; but we are quite in the dark as to the cause or object of his being there. Part of the time he was in prison, put there by the captain, probably because he would not come on board; but this is not distinctly known. Our information upon these points is very imperfect and unsatisfactory. The presumption, however, is that the man was in the wrong, for after a hearing before the judge, he was ordered to return to the vessel and his duty, and he did so.

Upon the whole evidence, it seems to be true that the brig was detained at New Orleans, after she was ready for sea, by the absence of Brown, and the pursuit of him by the captain. The question then is, how long was she detained on this account? This must not be measured by the whole period of his absence, but by the time she was actually prevented from sailing by that absence. He returned to the brig on Monday afternoon, about two o'clock, but she did not sail until Tuesday at four o'clock, waiting as the witness says, for a pilot. This is not chargeable to Brown. Again, he left the brig on Friday, but the pilot did not come on board before Sunday; and, as the captain was not acquainted with the river, he could not have sailed without his pilot. This delay is not imputable to Brown. The delay from Sunday to Monday seems to be chargeable to his absence, and no more. No evidence has been given of any direct loss to the owners, by this detention of the brig, other than the ordinary expenses of such a vessel, which are rated at fifteen or twenty dollars a day.

It is ordered that fifteen dollars be charged to the libellant, William Brown, on account of his absence from the brig at New Orleans, by reason of which she was there detained, after she was ready for sea; and that this sum be deducted from the balance appearing to be due to him, by the account annexed to his libel. That account must be further corrected, by commencing the time of service on the 7th November, instead of the 29th October, 1828. As to the injury done to the boat in putting a passenger on board of a steamboat, it does not appear by whose fault or negligence the accident happened; it may have been on the part of the steamboat, and it may have occurred without any culpable negligence in any body. No charge against Brown is allowed on this account. James Bowles, the other libellant, seems to be properly chargeable with the molasses,

valued at five dollars, lost by his inattention and carelessness. Let that amount be deducted from his account. We have no such evidence of the manner in which the copper was lost, as will warrant us in saying it was by such misconduct or negligence of Bowles, as to render him liable for it. We do not in fact know how it was lost.

Decree: That fifteen dollars be charged to the libellant, Brown, on account of his absence from the brig at New Orleans, to be deducted from the balance appearing to be due to him by the account annexed to the libel, and that account to be further corrected, by commencing the time of service on the 7th November, instead of the 29th October, 1828. That the libellant, Bowles, be charged with the molasses, valued at five dollars, and lost by his inattention and carelessness.